(No. 38041.—

EARL THORNTON, JR., *et al.,* Appellants, *vs.* C. R. GARDNER *et al.,* Appellees.

*Opinion filed January 22, 1964.*

JAMES W. SANDERS, of Marion, for appellants.

BOSWELL & BOSWELL, of Harrisburg, for appellees.

Mr. JUSTICE HOUSE delivered the opinion of the court:

On January 12, 1963, an election was held on the proposition as to whether the Carrier Mills-Stonefort Unit

School District of Saline and Williamson Counties should be established. This is an appeal from the order of the county court of Saline County, affirming the establishment and creation of the district entered in a proceeding to contest that election.

Article 11—7 of the School Code, (Ill. Rev. Stat. 1961, chap. 122, par. 11—7,) provides, *inter alia*, that the proposition must receive a majority of the votes cast within the corporate limits of all cities, villages or incorporated towns located within the territory sought to be organized and a majority of the votes cast in the territory outside of all such corporate limits, the count to be taken separately as to the total vote in the cities, villages and incorporated towns and as to the total vote in the territory outside such corporate limits. The proposition carried within the corporate limits 633 to 332 and in the rural areas 174 to 172.

Plaintiffs ask that the entire election be declared void because of alleged irregularities and frauds. Their primary contentions are, (1) that seven persons voted at a polling place other than their own, and since these affected the vote of the rural areas where there was a difference of but two votes, those seven votes make the election uncertain; and (2) that one of the election judges in a rural area was electioneering in the polling place for the proposition, which affected the vote in that poll.

The votes of the seven persons who voted at the wrong polling place were determined to be illegal votes; and, since there was no evidence as to how these seven voted, they were deducted on a prorata basis. Plaintiffs do not quarrel with the rule requiring apportionment of the votes for and against the proposition according to the legal votes cast, (*Choisser* v. *York*, 211 Ill. 56; *Neff* v. *George*, 364 Ill. 306; *Smoda* v. *Gallagher*, 412 Ill. 271,) but say this case comes within the holding of *Lehman* v. *Hill*, 414 Ill. 173. The *Lehman* case posed an entirely different problem. There, wholesale frauds were perpetrated in a precinct which re-

sulted in the rejection of the entire poll and this court said: "Where fraud permeates the whole of the ballot box the whole poll must be rejected." (414 Ill. 173, 179.) Here the illegal votes were positively determined and proof of irregularities in voting at the wrong poll were not such as to justify the disfranchisement of all the voters. The court below properly followed the apportionment rule.

The evidence concerning electioneering by one of the election judges was, in substance, that he made statements within the polling place as to why, in his opinion, it would be a good thing for the proposition to carry. Of the five witnesses who testified, three had already voted when the statements were made, one had not, and the record is silent as to the other. However, all five testified that the statements could have been overheard by other persons in the polling place, some of whom may not have already voted. The election judge admitted that he talked to one of the five, but that the conversation was simply about the advantages and disadvantages of a unit district. He either denied or did not know whether he had talked to anyone else, denied that he tried to influence voters, and said that it was immaterial to him how the election went. If he in fact were attempting to influence voters his conduct would have been reprehensible, even though it did not constitute fraud to the extent that it deprived any legal voter of his vote or free choice thereof or in any way changed the result of the election.

Other irregularities alleged were not argued and are considered waived. We find no error in the order of the county court of Saline County, and it is, accordingly, affirmed.

*Order affirmed.*